*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

AUTO FINANCIAL GROUP LLC,

                Petitioner-Appellant,

v

CITY OF TAYLOR,

                Respondent-Appellee.

UNPUBLISHED
June 10, 2026
10:06 AM

No. 374757
Wayne Circuit Court
LC No. 2024-010268-AA

Before: YOUNG, P.J., and BORRELLO and TREBILCOCK, JJ.

PER CURIAM.

In this case arising from a used car dealership seeking a use variance, petitioner, Auto Financial Group LLC (AFG), appeals as of right the circuit court's decision affirming the denial by respondent's Zoning Board of Appeals (ZBA) of petitioner's request for a use variance. For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

The subject property of this appeal is located at 14239 Telegraph Road in Taylor, Michigan, and was acquired by Bachir Soueidan via warranty deed on July 9, 2018. Petitioner is engaged in used automobile sales and automotive repair and seeks to utilize the property as a used car dealership. Soueidan acts as the principal of both the petitioner entity and 14239 Telegraph Road LLC, which he asserts holds title to the property. The property is zoned "B-3" (General Business District), a designation intended to encompass uses that are predominantly automotive in nature.

The Taylor Zoning Ordinance further provides that used automobile sales "shall be permitted only in conjunction with new vehicle sales and service dealership." Taylor Ordinances, Appendix A § 13.05(g)(4). Although the property previously operated as a used car dealership, it is undisputed that such use lapsed under the zoning ordinance, necessitating petitioner's application for a use variance to resume used car sales at the property.

-1-

Petitioner initially applied for a use variance to the Zoning Board of Appeals (ZBA) in August 2023, seeking permission to operate a used car dealership at the subject property. The ZBA denied this request. Petitioner renewed his request by filing a second application in January 2024, which was again denied by the ZBA, with the decision stating only: "Motion denied, no hardship." On July 17, 2024, petitioner appealed the ZBA's denial to the Wayne Circuit Court pursuant to MCL 125.3605, which provides that the "decision of the zoning board of appeals shall be final," subject to judicial review upon appeal by an aggrieved party to the circuit court of the county in which the property is situated. Following a hearing in January 2025, the circuit court affirmed the ZBA's denial of the requested variance. Petitioner now appeals to this Court.

## II. ANALYSIS

Petitioner contends that the circuit court committed reversible error in upholding the decision of the ZBA to deny its application for a use variance. Although petitioner's argument lacks some clarity, petitioner appears to maintain that the ZBA's denial was unsupported by any legitimate or legally cognizable basis, and that petitioner met its burden of demonstrating that, absent the requested variance, it would suffer unnecessary hardship within the meaning of applicable zoning law. Petitioner further suggests that the administrative record does not support the ZBA's findings and that the circuit court failed to engage in the requisite review of the ZBA's determination, instead improperly deferring to the agency's conclusions.

"When reviewing a decision of a zoning board of appeals, a circuit court's review is 'limited to whether the decision is authorized by law and supported by competent, material, and substantial evidence on the whole record.' " *Pegasus Wind, LLC v Tuscola Co*, 513 Mich 35, 44; 15 NW3d 108 (2024) (citation omitted). "Substantial evidence is evidence that a reasonable person would accept as sufficient to support a conclusion. While this requires more than a scintilla of evidence, it may be substantially less than a preponderance." *Id*. at 44-45 (quotation marks and citations omitted). Factual findings made by a zoning board of appeals are "entitled to deference," and courts must not "set aside findings merely because alternative findings also could have been supported by substantial evidence on the record." *Id*. at 45 (quotation marks and citation omitted).

In turn, this Court reviews the circuit court's determinations on review of a decision by a zoning board of appeals "to assess whether the circuit court applied correct legal principles and whether it misapprehended or grossly misapplied the substantial evidence test to the [zoning board of appeals'] factual findings." *Id*. (quotation marks and citations omitted). "Whether a circuit court misapprehended or grossly misapplied the substantial evidence test is reviewed under a standard identical with the 'clearly erroneous' standard. A finding is clearly erroneous if the reviewing court, on the whole record, is left with the definite and firm conviction that a mistake has been made." *Id*. (citations and some quotation marks omitted).

The Michigan Zoning Enabling Act, MCL 125.3101 *et seq*., states: "A local unit of government may provide by zoning ordinance for the regulation of land development and the establishment of 1 or more districts within its zoning jurisdiction which regulate the use of land and structures . . . ." MCL 125.3201(1). A party aggrieved by a zoning board of appeals decision can appeal to the circuit court of the county where property is located. *Ansell v Delta Co Planning Comm*, 332 Mich App 451, 457; 957 NW2d 47 (2020); MCL 125.3605. It is then the circuit court's obligation "to ensure that the decision at issue comports with applicable law; follows from

-2-

proper procedure; is supported by competent, material, and substantial evidence on the record; and constitutes a reasonable exercise of discretion." *Ansell*, 332 Mich App at 457; MCL 125.3606(1). Specifically, MCL 125.3606(1) states:

> (1) Any party aggrieved by a decision of the zoning board of appeals may appeal to the circuit court for the county in which the property is located. The circuit court shall review the record and decision to ensure that the decision meets all of the following requirements:
>
> > (a) Complies with the constitution and laws of the state.
> >
> > (b) Is based upon proper procedure.
> >
> > (c) Is supported by competent, material, and substantial evidence on the record.
> >
> > (d) Represents the reasonable exercise of discretion granted by law to the zoning board of appeals.

Appendix A § 13.05(g)(4) of the Taylor Zoning Ordinance, amended in 2011 to reflect its current form, limits the operation of used car dealerships. Taylor Ordinances, Appendix A § 13.05(g)(4). Specifically, the ordinance states: "Used automobile . . . sales shall be permitted only in conjunction with a new vehicle sales and service dealership." *Id*. However, the Taylor Zoning Ordinance provides parties an opportunity to apply for a use variance under Appendix A § 26.03(g). Taylor Ordinances, Appendix A § 26.03(g). Appendix A Section 26.03(g)(5) of the Taylor Zoning Ordinance states:

> A use variance may be allowed by the ZBA only in cases where the applicant has shown a [sic] unnecessary hardship in the official record of the hearing. The applicant must prove that all of the following conditions have been met:
>
> > a. *Hardship*. The applicant has demonstrated that the site cannot reasonably be used for any of the uses allowed within the current zoning district designation. The ZBA may require submission of documentation from professionals or certified experts to substantiate this finding.
> >
> > b. *Unique circumstances*. That the condition or situation of the specific parcel of property or the intended use of such property for which the variance is sought is unique to that property and not commonly present in the general vicinity or in the zone district. The applicant must prove that there are certain features or conditions of the land that are not generally applicable throughout the zone and that these features make it impossible to earn a reasonable return without some adjustment. Such unique conditions or situations include:
> >
> > > 1. Exceptional narrowness, shallowness or shape of a specific property on the effective date of the ordinance from which this chapter is derived.

2. Exceptional topographic conditions or other extraordinary situation on the land, building or structure.

3. The use or development of the property immediately adjoining the property in question.

4. Any other physical situation on the land, building or structure deemed by the ZBA to be extraordinary.

c. *Character of neighborhood*. The use variance will not alter the essential character of the neighborhood or the intent of the comprehensive development plan, or be a detriment to adjacent properties.

d. *Capacity of roads, infrastructure and public services*. The capacity and operations of public roads, utilities, other facilities and services will not be significantly compromised.

e. *Not self-created*. The immediate practical difficulty causing the need for the variance request was not self-created by the applicant. [Taylor Ordinances, Appendix A § 26.03(g)(5).]

The burden is on the applicant for the use variance to prove each of the above factors. Taylor Ordinances, Appendix A § 26.03(g)(3)a.

Petitioner primarily contends that the ZBA was compelled to grant a use variance, asserting that substantial evidence established unnecessary hardship because (a) new car dealerships are permitted without restriction under respondent's ordinances, whereas used car dealerships are not, and (b) the subject property lacks any other viable economic use. Upon review of the certified record from the ZBA's proceedings, as well as the circuit court's review of petitioner's appeal, we are not left with a definite and firm conviction that the circuit court erred in affirming the ZBA's denial of the January 2024 petition.

Here, petitioner sought a variance to permit operation of a used car dealership on the subject property. Following submission of the January 2024 petition, the ZBA denied the request upon finding an absence of hardship. Critically, the certified record before us contains no evidence demonstrating that petitioner was subject to unnecessary hardship in the absence of the requested variance. The only hardship identified by petitioner is its inability to operate its preferred automotive-related business. Petitioner has not identified any evidence in the record demonstrating that "the site *cannot* reasonably be used for *any* of the uses allowed within the current zoning district designation." Taylor Ordinances, Appendix A § 26.03(g)(5)a (emphasis added). The zoning district at issue is not limited to automotive *dealerships*.

The Taylor Zoning Ordinance places the burden of establishing unnecessary hardship squarely on the petitioner, providing: "A use variance may be allowed by the ZBA *only in cases where the applicant has shown a unnecessary hardship* in the official record of the hearing." Taylor Ordinances, Appendix A § 26.03(g)(5) (emphasis added); see also *Detroit Media Group, LLC v Detroit Bd of Zoning Appeals*, 339 Mich App 38, 60; 981 NW2d 88 (2021) (holding that

-4-

the petitioner must satisfy the burden set forth in the applicable ordinance). In this case, the certified record contains no indication that petitioner presented evidence sufficient to establish the requisite unnecessary hardship. Because petitioner, on appeal, has not demonstrated that the record contains evidence sufficient to satisfy its burden before the ZBA, petitioner has likewise failed to establish a basis for granting the use variance. Accordingly, petitioner has not shown that the circuit court failed to apply the correct legal principles or that it misapprehended or grossly misapplied the substantial evidence test in reviewing the ZBA's factual findings.

Affirmed. No costs are awarded to either party, a public question being involved. MCR 7.216(A)(7) and MCR 7.219(A). *City of Bay City v. Bay Cnty Treasurer*, 292 Mich App 156, 172, 807 NW2d 892, 901 (2011).

/s/ Adrienne N. Young
/s/ Stephen L. Borrello
/s/ Christopher M. Trebilcock